## (February 14, 1966)

In the Matter of DANTE V. ARIOLA, an Attorney, Respondent. BROOKLYN BAR ASSOCIATION, Petitioner.—The respondent is an attorney who was admitted to practice in the courts of this State by this Appellate Division on April 17, 1940. This is a proceeding to discipline him for professional misconduct. He maintained an office at 44 Court Street, Brooklyn, New York until 1956, but since that time he has maintained his office at his residence, 8647 19th Avenue, Brooklyn, New York. The petition as amended charges respondent with various acts of professional misconduct in dealing with various clients and friends who relied upon him because of his professional standing as an attorney at law. The Referee, to whom the issues were referred for hearing, has submitted his report, dated November 15, 1965, in which he finds the respondent guilty in general of all charges brought by the seven complainants, except that he finds him not guilty of those parts of the charges which are set forth in the petition as sections "B" through "E" with respect to the complaints of Frank Fino. The petitioner now moves for confirmation of the Referee's report. No papers have been submitted in opposition. The motion is granted; the Referee's report and his findings are confirmed in toto. In our opinion the Referee's findings are amply supported by the proof. In view of the gravity of the respondent's misconduct, he must be disbarred; he clearly lacks the character and fitness requisite for an attorney and counselor at law. Accordingly, his name is directed to be struck from the roll of attorneys and counselors at law, effective forthwith. Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

CATHERINE CARROLL, as Executrix of LEONARD CARROLL, Deceased, Respondent, v. SHEPPARD BAKING COMPANY, Appellant, et al., Defendants.— In a negligence action to recover damages for personal injuries, defendant Sheppard Baking Company appeals, on the sole ground of excessiveness, from a judgment of the Supreme Court, Queens County, entered July 22, 1965 upon a jury verdict, in plaintiff's favor against it, of $22,000 which was reduced to $15,000 by stipulation of plaintiff and her attorney, pursuant to a decision by the trial court. Judgment, insofar as appealed from, reversed on the law and the facts and a new trial granted as against appellant, and action severed as to it, with costs to abide the event, unless, within 30 days after entry of the order hereon, plaintiff shall serve and file a written stipulation consenting to further reduce the amount of the verdict to $10,000 and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended, is affirmed, without costs. In our opinion, the amount of the jury's award to plaintiff, even as reduced by the executed stipulation, was excessive to the extent indicated. Ughetta, Acting P. J., Christ and Hopkins, JJ., concur; Rabin and Benjamin, JJ., dissent and vote to affirm the judgment insofar as appealed from.